FILED
JUN 16 2009
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

CITIZENS FOR RESPONSIBILITY AND  :
ETHICS IN WASHINGTON             :
1400 Eye Street, N.W., Suite 450, :
Washington, D.C. 20005           :
                                 :
         Plaintiff,              :
                                 :
    v.                           :    Case: 1:09-cv-01101
                                 :    Assigned To : Sullivan, Emmet G.
                                 :    Assign. Date : 6/16/2009
U.S. DEPARTMENT OF HOMELAND      :    Description: FOIA/Privacy Act
SECURITY                         :
Washington, D.C. 20528           :
                                 :
         Defendant.              :

---

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of the United States Secret Service, a component of the U.S. Department of Homeland Security ("DHS"), to respond to the expedited request of plaintiff for disclosure of records concerning visits that leading coal company executives made to the White House or the residence of the vice president from January 21, 2009, to the present.

2. This case seeks declaratory relief that DHS is in violation of the FOIA, 5 U.S.C. § 552(a)(6)(E)(I), for failing to respond to plaintiff's expedited request for records and injunctive relief ordering defendant DHS to process immediately the requested records in their entirety.

### JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over DHS pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(I). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5

1

U.S.C. § 552(a)(4)(B).

## PARTIES

4. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a nonprofit, non-partisan corporation, organized under section 501(c)(3) of the Internal Revenue Code. CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials. CREW seeks to empower citizens to have an influential voice in government decisions and in the governmental decision-making process through the dissemination of information about public officials and their actions. To advance its mission, CREW uses a combination of research, litigation and advocacy. As part of its research, CREW uses government records made available to it under the FOIA.

5. CREW has invested considerable organizational resources in pushing the U.S. government to take ethics issues seriously. CREW monitors closely the laws and rules applicable to government agencies and government officials.

6. CREW is harmed by DHS's failure to process CREW's FOIA request on an expedited basis, because that failure hampers CREW's ability to satisfy the compelling public need for full, accurate and current information about the influence that executives of the 10 largest coal production companies within the United States have had, or attempted to have, on the president and his administration in formulating the nation's energy policy. Absent this critical information, CREW cannot advance its mission of educating the public to ensure that the public continues to have a vital voice in government.

7. Defendant DHS is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. §

702. DHS is the federal agency with possession and control of the requested records, which are agency records, and is responsible for fulfilling plaintiff's FOIA request. CREW v. Dep't of Homeland Security, 527 F.Supp.2d 76, 98 (D.D.C. 2007).

## STATUTORY FRAMEWORK

### The Freedom Of Information Act

8. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

9. An agency must respond to a requester making a FOIA request within 20 working days, notifying that requester of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(I).

10. In "unusual circumstances" an agency may delay its response to a FOIA request or appeal, but must provide notice and "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B).

11. The FOIA also requires agencies to promulgate regulations that provide for expedited processing of FOIA requests where the requester has demonstrated a "compelling need" as well as "other cases determined by the agency." 5 U.S.C. § 552(a)(6)(E)(I). The FOIA defines "compelling need" as including requests "made by a person primarily engaged in disseminating information" where there is an "urgency to inform the public concerning actual or alleged Federal Government activity." Id. at § 552(a)(6)(E)(v)(II).

12. Agencies are required to make a determination on a request for expedition within 10 calendar days "after the date of the request," 5 U.S.C. § 552(a)(6)(E)(ii)(I), and to give

"expeditious consideration" to administrative appeals of such determinations. Id. at § 552(a)(6)(E)(ii)(II).

13. Agency decisions to deny or affirm denial of a request for expedition are subject to judicial review "based on the record before the agency at the time of the determination." 5 U.S.C. § 552(a)(6)(E)(iii).

14. A requester is not required to exhaust administrative remedies prior to seeking judicial review of an agency's denial of a request for expedited processing. See, e.g., Am. Civil Liberties Union v. Dep't of Justice, 321 F.Supp.2d 24, 28-29 (D.D.C. 2004).

15. DHS has promulgated regulations providing for expedited processing of FOIA requests in two instances: (1) where the lack of expedited treatment "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual"; and (2) where there is "[a]n urgency to inform the public about an actual or alleged federal government activity" and the requester is "primarily engaged in disseminating information." 6 C.F.R. §§ 5.5(d)(1)(I)-(ii).

16. For those requesters seeking expedition pursuant to 6 C.F.R. § 5.5(d)(ii), DHS regulations require that they "establish a particular urgency to inform the public about the government activity involved in the request, beyond the public's right to know about government activity generally." 6 C.F.R. § 5.5(d)(3). In addition, a requester that is not a full-time member of the media must establish that "their main professional activity or occupation is information dissemination" but it need not be their "sole occupation." Id.

17. Under DHS regulations, all requesters seeking expedition must certify that the basis for their request is true and correct to the best of their knowledge and belief and explain in detail

the basis for the requested expedition. 6 C.F.R. § 5.5(d)(3).

18. DHS regulations require DHS to grant or deny a request for expedited processing within 10 calendar days of receipt. 6 C.F.R. § 5.5(4). If expedition is granted, the request is given priority and must be processed "as soon as practicable." Id.

19. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## Factual Background

20. On May 15, 2009, plaintiff sent a FOIA request by first-class mail to the Secret Service seeking records, regardless of format and including electronic records and information, related to visits the certain enumerated coal company executives made the White House or the residence of the Vice President from January 21, 2009, to the present. Those executives include the following:

> Gregory H. Boyce, Chairman and Chief Executive Office ("CEO"), Peabody Energy Corp.;
>
> Colin Marshall, President and CEO, Rio Tinto Energy America;
>
> Steven F. Leer, Chairman and CEO, Arch Coal Inc.;
>
> James F. Roberts, Chairman of the Board and CEO, Foundation Coal Corp.;
>
> J. Brett Harvey, President and CEO, CONSOL Energy Inc.;
>
> Don L. Blankenship, Chairman and CEO, Massey Energy Co.;
>
> Alfred M. Rankin, Jr., Chairman, President and CEO, NACCO Industries Inc.;

>Robert L. Benson, President and CEO, North American Coal Corp.;
>
>Keith E. Alessi, President and CEO, Westmoreland Coal Co.;
>
>Kevin A. Paprzycki, Chief Financial Officer, Westmoreland Coal Co.;
>
>Robert E. Murray, Founder, President, CEO and Chairman of the Board, Murray Energy Corp.;
>
>Bruce E. Grewcock, President and CEO, Peter Kiewit Sons Inc.;
>
>Kenneth E. Stinson, Chairman, Peter Kiewit Sons Inc.;
>
>Stephen L. Miller, President and CEO, American Coalition for Clean Coal Electricity;
>
>Glenn English, CEO, National Rural Electric Cooperative Association;
>
>Krait Gneiss, President and CEO, National Mining Association.

For purposes of the request, plaintiff defined the term "White House" to include, but not be limited to, "any office within the Executive Office of the President, the residence of the president, the Old and New Executive Office Buildings, and any other office or space on the grounds of the White House."

    21. In its May 15, 2009 FOIA request, CREW sought a waiver of fees associated with processing its request given that the request concerns the operations of the federal government, the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way, and the request is primarily and fundamentally for non-commercial purposes. Specifically, the requested records are likely to contribute to the public's understanding of the influence executives of the 10 largest coal production companies within the United States have had, or attempted to have, on the President and his administration in formulating the nation's energy policy, especially with respect to

domestic coal production, coal-based electricity, carbon capture, clean coal technology funding, and climate change.

22. In addition, CREW sought expedited processing of its FOIA request for the express purpose of disseminating any responsive documents to the public and in view of the particular urgency to inform the public about the possible influences to which the administration may have been subject in formulating its energy policy in light of pending legislation on energy and global warming. As required by 6 C.F.R. § 5.5(d)(3), CREW certified that the basis for its request for expedition is true and correct to the best of its counsel's knowledge and belief.

23. By letter dated June 8, 2009, DHS advised CREW of the government's position that the vast majority, if not all, of the records CREW seeks are not agency records but instead are governed by the Presidential Records Act, 44 U.S.C. § 2201, et seq. DHS also noted pending litigation over this issue and stated it would respond further to CREW's request after the other litigation is resolved, if necessary. Further, DHS noted it had been advised by the Department of Justice that disclosing the requested records could reveal information protected by the presidential communications privilege.

24. DHS's letter of June 8, 2009, did not afford CREW any administrative appeal rights.

25. Plaintiff has exhausted the applicable administrative remedies.

26. Defendant DHS has wrongfully withheld the requested records from plaintiff.

**PLAINTIFF'S CLAIM FOR RELIEF**

**CLAIM ONE**
**(Failure to Produce Records)**

27. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

28. Plaintiff properly requested within the custody and control of DHS.

29. Defendant DHS wrongfully withheld agency records requested by plaintiff.

30. Plaintiff has exhausted the applicable administrative remedies with respect to defendant DHS's wrongful withholding of the requested records.

31. Plaintiff is entitled to injunctive and declaratory relief with respect to the expedited disclosure of the requested records.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Issue a declaration that plaintiff is entitled to expedited processing of its FOIA request submitted to defendant DHS on May 15, 2009;

(2) Issue a declaration that plaintiff is entitled to a complete waiver of processing fees associated with its FOIA request submitted to defendant DHS on May 15, 2009;

(3) Order defendant DHS to process immediately the requested records in their entirety;

(4) Order defendant DHS upon completion of such expedited processing to disclose the requested records and make copies available to plaintiff;

(5) Provide for expeditious proceedings in this action;

(6) Retain jurisdiction of this action to ensure that the processing of plaintiff's FOIA request is expedited and that no agency records are wrongfully withheld;

(7) Award plaintiff reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(8) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

                                                        /s/ Anne L. Weismann
                                                        _____
                                                        ANNE L. WEISMANN
                                                        D.C. Bar No. 298190
                                                        MELANIE SLOAN
                                                        D.C. Bar No. 434584
                                                        Citizens for Responsibility and Ethics
                                                         in Washington
                                                        1400 Eye Street, N.W., Suite 450
                                                        Washington, D.C. 20005
                                                        (202) 408-5565

Dated: June 16, 2009                       Attorneys for Plaintiff