UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Civil Action No. 09-1101 (EGS) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, et al. ) ) ) ) | |
| Defendants. ) ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ENLARGE
TIME TO ANSWER FIRST AMENDED COMPLAINT**

This case concerns an expedited Freedom of Information Act ("FOIA") request Citizens for Responsibility and Ethics in Washington ("CREW") submitted to the Department of Homeland Security ("DHS") on May 15, 2009, for agency records of any visits to the White House by 16 of the nation's leading coal executives. By letter dated June 8, 2009, DHS advised CREW of its legal position that most if not all responsive records are not agency records subject to the FOIA and refused to release any responsive records to CREW. Of note, every court to consider the legal merits of DHS's position to date has ruled White House visitor records created and maintained by the Secret Service, a component of DHS, are agency records and DHS accordingly has a legal obligation to produce all non-exempt information in these records in response to FOIA requests.

CREW filed suit on June 16, 2009. On that same date, White House Press Secretary Robert Gibbs, in response to a question about whether the White House was refusing to release the names of White House visitors, stated the White House was "reviewing that policy," i.e., the

policy of the previous administration to treat these records as presidential and not subject to the FOIA.  Press Briefing by Press Secretary Robert Gibbs, June 16, 2009, available at http://www.whitehouse.gov/the_press_office./briefing-by-White-House-Press-Secretary-Robert-Gibbs-6-16-09/.

Now, nearly one month later, DHS is requesting a 30-day extension of its obligation to respond to the complaint while it continues to "consider[s] and formulate[s] its position" and represents that the White House "is contemplating a discretionary release" of at least some of the records CREW seeks.  Defendant's Motion to Enlarge Time ("D's Motion") at p. 2.  CREW does not oppose an extension to give the White House more time to decide whether to make a discretionary release, although CREW notes that even the government acknowledges any release may only "partially moot" this case.  D's Motion at 2.  But given the expedited nature of CREW's FOIA request and the two months that already have lapsed since CREW first made that request, any extension should be accompanied by a commitment to make any discretionary release within that 30-day period.  Without such a commitment CREW and the Court face the very real possibility that in 30 days DHS will seek yet more time to process the requested records and decide which, if any, it elects to release, resulting in even further delay to plaintiff's access to the requested records.  Any assessment of possible mootness must be based on what the government actually releases and not merely promises to release.  Requiring production within 30 days should impose no undue burden on the government; given the very limited time period covered by CREW's FOIA request, the amount of responsive records is likely to be quite small.

In addition, plaintiff's claim that defendant will not be prejudiced by a 30-day extension of time to respond to the complaint is demonstrably false.  CREW filed an expedited request,

based on the urgent need to inform the public about what influence top coal executives may have had in the administration's formulation of its energy policy, particularly as to "clean coal." Further delay, beyond the two months CREW already has waited, only enhances the ongoing harm to CREW that results from delaying its legal entitlement to these records.  See, e.g., Electronic Privacy Info. Ctr. v. U.S. Dep't of Justice, 416 F.Supp.2d 30, 40 (D.D.C. 2006) (citation omitted) ("delay in complying with FOIA requests is 'tantamount to denial.'"). Defendant's request for an extension is based on the legally flawed view it has the discretion whether or not to release any of the requested records, discretion that every court to rule on this issue has concluded is non-existent.

Finally, defendant's statement as to its efforts to comply with Local Civil Rule 7(m) is seriously incomplete.  Plaintiff's counsel did not simply indicate plaintiff would oppose this motion.  Rather, plaintiff requested that defendant's counsel go back to the White House to inquire whether a decision on discretionary release could be made sooner than 30 days. Defendant's counsel refused.  Plaintiff also requested that defendant's counsel provide more explanation about why the White House needs an additional 30 days to decide this issue, a request defendant's counsel also refused, curiously suggesting it would require revealing attorney-client information.[1]  Finally, plaintiff requested that defendant's counsel provide plaintiff an update on the status of the White House's decision-making within two weeks.  While defendant's counsel initially agreed to this request, counsel refused to memorialize that agreement in defendant's request for an extension because defendant did not want to be subject to a Court order in this regard.  Defendant's actions do not comport with the consultation LCvR

---

[1] Of note the defendant here is DHS , not the White House.

7(m) clearly contemplates.

## CONCLUSION

Based on the foregoing, plaintiff respectfully requests that if the Court grants defendant a 30-day extension of its obligation to respond to the complaint, the Court require defendant to provide plaintiff an update in two weeks as to the progress of the White House's decision-making. Plaintiff further requests that if, at the end of the 30-day period, the White House has not released any documents defendant DHS be required to respond at that time to the complaint.

          Respectfully submitted,

          __/s/ Anne L. Weismann____
          Anne L. Weismann
          (D.C. Bar No. 298190)
          Melanie Sloan
          (D.C. Bar No. 434584)
          Citizens for Responsibility and Ethics
            in Washington
          1400 Eye Street, N.W., Suite 450
          Washington, D.C.  20005
          Telephone:  (202) 408-5565
          Fax:  (202) 588-5020

          Attorneys for Plaintiff

July 15, 2009